## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 11** |
| **NAPA HOME & GARDEN, INC.,** ) | |
| ) | **Case No. 11-69828-jb** |
| Debtor. ) | |

### SUPPLEMENT TO SALE MOTION

On July 5, 2011, Napa Home & Garden, Inc. ("Debtor") filed its "Motion of the Debtor for Entry of Orders Pursuant to 11 U.S.C. §§ 105, 363, And 365 (A) Authorizing and Scheduling an Auction at which Debtor will Solicit the Highest or Best Bid for the Sale of its Assets; (B) Approving Auction and Bidding Procedures Governing the Proposed Sale; and (C) Approving the Sale of the Assets to the Party Submitting the Highest or Best Bid" (Doc. No. 7) (the "Sale Motion[1]").  In the Sale Motion, Debtor proposes to sell the Acquired Assets to Teters Floral Products, Inc. ("Teters") or the highest bidder.  A proposed Asset Purchase Agreement is attached to the Sale Motion as Exhibit "A."  Attached to the Sale Motion as Exhibit "B" is a proposed order (the "Bidding Procedures Order") (i) establishing the Auction and Bidding Procedures for the Sale, on an "as is, where is" basis, of the Acquired Assets, (ii) approving the payment of a Breakup Fee and Expense Reimbursement to Teters, and (iii) scheduling the Sale Hearing to consider the Sale of the Acquired Assets to the Winning Bidder.  Debtor hereby Supplements the Sale Motion to disclose (i) potential treatment of potential tort and product liability claims related to Debtor's firelite and gel fuel products; and (ii) to amend the proposed Bid Procedures Order to provide that Teters would not be entitled to a Breakup Fee; however, Teters would be entitled to an Expense Reimbursement capped at $85,000 if the transaction contemplated by the Agreement is not consummated for any reason other than a Purchaser Default Termination.  Except as amended or supplemented herein, the Motion is adopted herein as if re-pled verbatim.

### Potential Firelite and Gel Fuel Claims

1. Debtor is currently aware of five lawsuits naming Debtor as defendant alleging claims under tort or product liability wherein the subject plaintiff alleges injury from firelites

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to the same in the Sale Motion.

or gel fuel sold by Debtor.

2. Debtor is additionally aware of, and has notified its insurance carrier of, forty (40) plus additional potential claimants.

3. Prior to the Petition Date, Debtor ceased the sale of its firelite and gel fuel products.

4. Immediately prior to the Petition Date and subsequent to Debtor's cessation of the sale of its firelite and gel fuel products, Debtor's liability insurance carrier notified Debtor that it will not renew Debtor's policy as of August 1, 2011.

5. Debtor's liability insurance policy is an occurrence policy rather than a claims made policy.

6. Debtor has per incident liability coverage of $1,000,000 with a $2,000,000 aggregate and umbrella coverage of $5,000,000. Debtor does not intend to oppose stay relief for any firelite or fire gel claimant to pursue collection from Debtor's insurance carrier.

7. Upon information and belief, Debtor's fuel supplier, Fuel Barons, has per incident liability coverage of $1,000,000 with a $2,000,000 aggregate and umbrella coverage of $7,000,000.

8. Based on the proposed Agreement, in the event Teters is the buyer based on the Agreement, Debtor anticipates that the purchase price will be approximately $1,300,000 based on inventory adjustments. The secured lender, Cornerstone, holds a debt and lien of approximately $1,100,000. Accordingly, Debtor estimates approximately $200,000 net cash to the estate for distribution to administrative expenses claimants and creditors.

### Bid Procedures Order

9. Debtor deletes the Bid Procedures Order attached to Exhibit "B" of the Sale Motion and replaces the same with the Exhibit "B" attached hereto.

10. The proposed Bid Procedures Order attached as Exhibit "B" is substantially the same as the original proposed Order except that Teters would be entitled to an expense reimbursement capped at $85,000.00 and would not be entitled to any breakup fee.

WHEREFORE, based upon the foregoing and the Sale Motion, the Debtor respectfully requests that the Court: (a) enter an order following the Bid Procedures Hearing, substantially in the form attached hereto as Exhibit "B", (i) approving the Proposed Sale Process (including

payment of the Breakup Fee and Expense Reimbursement), and (ii) authorizing the Debtor to take all actions reasonably necessary to effectuate such Proposed Sale Process and the sale presented in accordance therewith; (b) enter the Sale Order following the Sale Hearing, approving the highest or best bid for the Acquired Assets and granting the other relief requested in this Sale Motion; and (c) granting such other and further relief as the Court deems just and proper.

This 8th day of July 2011.

                                                   **JONES & WALDEN, LLC**
                                                   */s/ Leslie M. Pineyro*
                                                   Leslie M. Pineyro
                                                   Georgia Bar No. 969800
                                                   Leon S. Jones
                                                   Georgia Bar No. 003980
                                                   Attorney for Debtor
                                                   21 Eighth Street, NE
                                                   Atlanta, Georgia 30309
                                                   (404) 564-9300

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
-----------------------------------------------------------------x
In re:                                      :    Chapter 11
                                            :
NAPA HOME AND GARDEN, INC.,                 :    Case No. 11-69828-JB
                                            :
             Debtor.                        :    Ref.:   Dkt. No. 7
-----------------------------------------------------------------x
```

**ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 365 (I) ESTABLISHING AUCTION AND BIDDING PROCEDURES FOR THE SALE OF CERTAIN ASSETS OUT OF THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (II) APPROVING PAYMENT OF A BREAK-UP FEE AND EXPENSE REIMBURSEMENT; (III) SCHEDULING A FINAL HEARING AUTHORIZING THE SALE TO THE HIGHEST AND BEST BIDDER(S); AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "**Sale Motion**")[2] of Napa Home and Garden, Inc. as debtor and debtor-in-possession (the "**Debtor**") pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006 and 9014, for, *inter alia*, the entry of this Procedures Order (i) establishing the Auction and Bidding Procedures for the sale, on an "as is, where is" basis, of the Acquired Assets (the "**Sale**"), (ii) approving the payment of a Breakup Fee and Expense Reimbursement to Teters, and (iii) scheduling the Sale Hearing to consider the Sale of the Acquired Assets to the Winning Bidder; and a hearing having been held before the Court on July 12, 2011 to consider approval of the Sale Motion to the extent set forth therein; and the Court having determined that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate, creditors and other parties-in-interest; and due and adequate notice of the Sale Motion having been given under the circumstances; and upon the entire record in this chapter 11 case; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

---

[2]  Capitalized terms not defined herein shall have the meanings provided to them in the Motion.

**FOUND AND DETERMINED THAT**:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this case and the Sale Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

C. The statutory predicates for the relief sought in the Sale Motion are sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014.

D. Due and adequate notice of the Sale Motion, the proposed Sale of the Acquired Assets (including the assumption and assignment of the Assumed Contracts and the associated cure payments, if any), the Auction and Bidding Procedures and the Auction, the Procedures Hearing, and the subject matter thereof has been provided, or will be provided, to all parties-in-interest, and no other or further notice is necessary. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested parties.

E. Time is of the essence in proceeding with the Proposed Sale Process in accordance with the Auction and Bidding Procedures. The Debtor and the estate will suffer substantial harm if the Auction and Sale is delayed. Based upon the exigent facts and circumstances of the case, good cause exists for the Sale to proceed on an expedited basis.

F. The relief requested in the Sale Motion is in the best interests of the Debtor, its estate, creditors and other parties-in-interest. The Debtor has demonstrated good,

sufficient, and sound business purposes and justifications for the relief requested in the Sale Motion.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Sale Motion is granted to the extent set forth herein.

2. All objections to the relief provided herein that have not been withdrawn, waived or settled, are hereby overruled and denied on the merits.

3. The Auction and Bidding Procedures set forth on Exhibit A hereto are hereby approved.

4. The Debtor is authorized to pay to Teters an expense reimbursement (capped at $85,000), as a super-priority administrative expense under section 364(c) of the Bankruptcy Code, senior to all other administrative expense claims except, up to $35,000, any administrative expense claim on account of any fees of Jones & Walden, LLC.

5. The Debtor is further authorized to take such steps and incur such expenses as may be reasonably necessary or appropriate to effectuate the terms of this Procedures Order.

6. A Sale Hearing to consider the Sale of the Acquired Assets free and clear of liens, claims, encumbrances and interests to the Winning Bidder (pursuant to the terms of the asset purchase agreement with such Winning Bidder) shall be held before this Court on [_____], 2011 at [____] (Prevailing Eastern Time) in Courtroom 1402, Richard B. Russell Federal Building, 75 Spring Street, Atlanta, Georgia 30303.

7. Within two (2) business days following the entry of this Procedures Order, the Debtor will serve by first class mail, a copy of this Procedures Order on the Notice Parties and any Official Committee of Unsecured Creditors appointed in this case. In addition, the

Debtor will file and serve on Debtor's 20 Largest Unsecured Creditors, the U.S. Trustee, Debtor's secured creditors, any party who has filed a notice of appearance, any non-debtor party to a newly added or removed assumed contract and any Official Committee of Unsecured Creditors revised schedules and/or exhibits of Assumed Contracts and Cure Payments to the extent that Teters exercises its right under the Agreement to add or remove, up to the Closing Date, any Assumed Contract.

        8.      The Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to the Sale or this Procedures Order.

END OF ORDER
Exhibit "A" to Order

**Auction and Bidding Procedures**

   The Debtor intends to conduct an auction (the "**Auction**"), which shall be governed by the following Auction and Bidding Procedures:[3]

Bid Deadline:  The "**Bid Deadline**" shall be _____, 2011 at 4:00 p.m. (EDT).

      Only bidders who timely submit Qualified Bids (as defined below) by the Bid Deadline will be considered.

Qualified Bid:  The Debtor will require any interested bidder to submit to a bid that meets the following requirements (such bid, a "**Qualified Bid**," and such bidder, a "**Qualified Bidder**"): (i) state that the Qualified Bidder offers to consummate the Sale pursuant to an agreement that has been marked to show amendments and modifications to the Agreement, including price and terms (the "**Marked Purchase Agreement**"); (ii) confirm that the offer shall remain open and irrevocable until the closing of a Sale to the Winning Bidder or the Next Highest Bidder (as defined herein); (iii) enclose a copy of the proposed Marked Purchase Agreement that provides for cash consideration to the Debtor that is at least $160,000 greater than the cash consideration plus the Assumed Obligations to be paid by Teters (the "**Initial Overbid**"); (iv) the Marked Purchase Agreement must specifically identify the Acquired Assets proposed to be purchased, and the Contracts to be assumed and assigned; (v) be accompanied by a certified or bank check or wire transfer in an amount equal to 10% of the purchase price identified in the Marked Purchase Agreement, as a minimum good faith deposit (the "**Minimum Deposit**"), which Minimum Deposit shall be used to fund a portion of the purchase price provided for in the bid; (vi) be on terms that are not materially more burdensome or conditional than the terms of the Agreement; (vii) not be conditioned on obtaining financing or the outcome of any due diligence by such Qualified Bidder; (viii) not request or entitle the Qualified Bidder to any break-up fee, expense reimbursement or similar type of payment; and (ix) fully disclose the identity of each entity that will be bidding for the Acquired Assets or otherwise participating in connection with such bid, and the complete terms of any such participation, including any affiliation with the Debtor and or its officers and directors.

      The Debtor agrees to provide the prepetition secured lender and any official committee of unsecured creditors (the "**Committee**") with a copy of the Marked Purchase Agreement supporting each Qualified Bid, if any, and such other information regarding each Qualified Bid as the prepetition secured lender or the Committee may reasonably request from time to time.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Sale Motion or Agreement, as applicable.

|  |  |
|---|---|
| | Each Qualified Bidder shall be deemed to acknowledge: (i) that it had an opportunity to conduct the necessary and appropriate due diligence review of all pertinent documents with respect to the Acquired Assets and Assumed Contracts before making its offer, and that such Qualified Bidder relied solely on that review and upon its own investigation in making its offer, and (ii) that such Qualified Bidder is not relying upon any written or oral statements, representations, or warranties of the Debtor, its agents or representatives. |
| <u>Minimum Deposit:</u> | The Debtor shall hold in escrow (without interest) the Minimum Deposit of the Winning Purchaser and the Minimum Deposit of the Next Highest Bidder (defined below) until the earlier of: (A) the Closing of the Sale, and (B) seven (7) Business Days after the Auction.  The Debtor shall return the Minimum Deposits of all other Qualified Bidders within three (3) business days after the Auction. |
| <u>Auction:</u> | If the Debtor receives more than one Qualified Bid for the Acquired Assets, the Auction will take place at the office of Jones & Walden, LLC, 21 Eighth St., NE, Atlanta, GA 30309 on _____, 2011 at [10:00] a.m. EDT, or such later time and place as the Debtor may provide so long as such change is communicated reasonably in advance by the Debtor to all bidders, and other invitees. |
| <u>Auction Rules:</u> | If an Auction is held, the following rules for its conduct will be observed: (i) only a Qualified Bidder who has submitted a Qualified Bid by the Bid Deadline will be eligible to participate at the Auction; (ii) a minimum Qualified Bid amount for the Acquired Assets may be announced and/or posted prior to the Auction, which minimum Qualified Bid amounts may be established based upon a variety of factors, including, without limitation, the highest bids received prior to the Auction; (iii) at the Auction, Qualified Bidders will be permitted to increase their bids in minimum increments of $50,000 (the "**Bidding Increment**"), and bidding at the Auction will continue until such time as the highest or otherwise best offer is determined in accordance with these Auction and Bidding Procedures or until such Auction is adjourned by the Debtor (and reasonable notice of the time and place for the continuance of the Auction will be given to all Qualified Bidders, counsel to the Committee, counsel to the Debtor's prepetition secured lender; (iv) immediately prior to concluding the Auction, the Debtor shall (a) review each Qualified Bid on the basis of its financial and contractual terms and the factors relevant to the Sale and the best interests of the Debtor's estate and creditors; (b) in consultation with the prepetition secured lender and the Committee, (1) determine and identify the highest or otherwise best Qualified Bid (the "**Winning Bid**") and the winning bidder submitting such bid (the "**Winning Purchaser**") and (2) determine and identify the second highest or best Qualified Bid after the Winning Bid (the |

"**Next Highest Bid**") and the bidder submitting such bid (the "**Next Highest Bidder**"); and (c) have the right to reject any and all bids; (viii) the Winning Purchaser shall complete and execute all agreements, instruments, or other documents evidencing and containing the terms and conditions upon which the Winning Bid was made prior to the Sale Hearing.

| | |
|---|---|
| Selection and Notice of <u>Winning Bid</u>: | If an Auction is held, the Debtor shall be deemed to have selected the Winning Bid only where (i) such bid is declared the Winning Bid at the Auction, and (ii) definitive documentation has been executed in respect thereof.  Such acceptance is conditioned upon approval by the Bankruptcy Court of the Winning Bid and the entry of an order approving the Sale to the Winning Bidder.  Following the selection of the Winning Bid, the Debtor shall promptly notify the Bankruptcy Court and parties-in-interest of the identity of the Winning Bidder, the amount of the Winning Bid, and shall include a substantially final version of the asset purchase agreement executed with the Winning Bidder. |
| <u>Reservation of Rights:</u> | The Debtor reserves the right as it may reasonably determine to:  (i) determine which bidders are Qualified Bidders; (ii) determine which bids are Qualified Bids; (iii) determine which Qualified Bid is the highest and best proposal and which is the next highest and best proposal <u>provided</u> <u>that</u> such determination shall be made in consultation with the prepetition secured lender and the Committee; (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Auction and Bidding Procedures or the requirements of the Bankruptcy Code, or (c) contrary to the best interests of the Debtor and its estate; (v) remove some or all of the Acquired Assets, Contracts or Real Property Leases from the Auction, (vi) impose additional terms and conditions with respect to potential bidders, (ix) extend the deadlines set forth herein, (x) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (xi) modify these Auction and Bidding Procedures (including the Initial Overbid and Bidding Increment) as they may determine to be in the best interest of the estate. |