**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 11-69828-jb |
| | : | |
| NAPA HOME & GARDEN, INC., | : | |
| | : | CHAPTER 11 |
| DEBTOR. | : | |

**MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER
DIRECTING EITHER THE APPOINTMENT OF A CHAPTER 11 TRUSTEE
OR AN EXAMINER, AND SCHEDULING
AN EXPEDITED HEARING THEREON**

COMES NOW the United States Trustee for Region 21, in furtherance of the administrative responsibilities imposed by 28 U.S.C. § 586(a), and pursuant to 11 U.S.C. § 1104 (a) and (c) respectfully moves this Court to enter an order directing the appointment of a chapter 11 trustee or in the alternative directing the appointment of an examiner in the above-captioned case to conduct an appropriate investigation of the affairs of the debtor. In support thereof, the United States Trustee represents as follows:

1. Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 5, 20011 (the "Petition Date").

2. No trustee has been appointed in the case, and the Debtor has remained in control of the assets and business operations of the bankruptcy estate as a debtor in possession.

3. No Committee of Unsecured Creditors has been appointed in the case pursuant to 11 U.S.C. § 1102(a).

4. Debtor is currently operating its business, but subsequent to the commencement of this case has sought to sell substantially all of its assets on an expedited basis.

5. The debtor has represented that an expedited sales of its assets is necessary because: (i) the debtor's current insurance policy will expire on or about August 1, 2011, (ii) the debtor has already procured a willing buyer, and (iii) the value of the assets of the debtor's assets will diminish if not sold quickly.

6. The United States Trustee does not challenge the debtor's assertion that an accelerated sale of the debtor's assets is necessary, but believes that a chapter 11 trustee should be appointed to handle the liquidation of the debtor's affairs.

7. The appointment of a chapter 11 trustee will ensure that: (i) there is truly a need for an expedited sale and that the debtor is unable to acquire replacement insurance; (ii) any sale of the debtor's assets occurs in an arms-length transaction that is fair and in the best interest of all of the debtor's creditors and does not unfairly favor the debtor's insiders (who are guarantors of the debtor's secured creditor); and (iii) a proper investigation into insider transactions takes place.

**A.    Appointment of a chapter 11 trustee**

8. The United States Trustee seeks the appointment of a chapter 11 trustee to replace current management. Section 1104(a) provides in pertinent part as follows:

> In pertinent part, 11 U.S.C. § 1104(a) provides as follows:
>
> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and a hearing, the court shall order the appointment of a trustee–
>
> .
> .
> .
>
> (2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets and liabilities of the debtor; or

        (3) if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or examiner is in the best interests of creditors and the estate.

9.      The Bankruptcy Code does not give an all-inclusive definition of what constitutes cause for the appointment of a chapter 11 trustee. Rather, the Bankruptcy Code recognizes that what constitutes sufficient cause for the appointment of a chapter 11 trustee is a question of fact. *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3rd Cir. 1989), 7 <u>Collier on Bankruptcy</u> ¶ 1104.02[3][a] (15th ed. rev.).

10.    As set forth above, in order to ensure an independent decision making process in the sale proceedings, a chapter 11 trustee should be appointed as soon as possible.

11.    Further, the pending lapse in insurance on the debtor's business and operations constitutes cause to convert or dismiss this case.

12.    To the extent that grounds exist to convert or dismiss the case under section 1112 but the Court determines that the appointment of a chapter 11 trustee or examiner instead is in the best interests of creditors and the estate, the Court has separate authority to appoint a trustee under 11 U.S.C. § 1104(a)(3). *See In re Jay*, 2006 WL 2433451, *7 (Bankr. D. Idaho 2006).

**B.**    **Appointment of an examiner**

13.    Under 11 U.S.C. § 1104(c),

        If the Court has not ordered the appointment of a trustee in a chapter 11 case, then on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of an examiner to conduct such an investigation of the debtors as is appropriate, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor of or by current or former management of the debtor, if –

      (1)  such appointment is in the interests of creditors, any equity security holders, and other interests of the estate[.]

14.    If the court does not direct the appointment of a chapter 11 trustee, the direction of the appointment of an examiner at this juncture will ensure that: (i) there is truly a need for an expedited sale and that the debtor is unable to acquire replacement insurance; (ii) any sale of the debtor's assets occurs in an arms-length transaction that is fair and in the best interest of all of the debtor's creditors and does not unfairly favor the debtor's insiders (who are guarantors of the debtor's secured creditor); and (iii) a proper investigation into insider transactions takes place.

## REQUEST FOR EXPEDITED HEARING

15.    The United States Trustee respectfully submits that a lapse in the debtor's insurance will constitute a serious risk both to the debtor's estate and the public.

16.    An expedited hearing is necessary to ensure that if an expedited sale of the debtor's assets is necessary that such expedited sale can remain on track.

17.    Federal Rule of Bankruptcy Procedure 9014(a) provides that a motion, such as the instant motion, shall be made on reasonable notice and opportunity for a hearing.

18.    In the event that the Court sets a hearing date on this motion, the United States Trustee intends to serve this motion by fax or e-mail on the debtor and its bankruptcy counsel, the parties who have appeared in this case including proposed purchasers and counsel for the products liability claimants known to the United States Trustee, and the top 20 creditors. In the event that fax numbers or e-mail addresses for any of the parties to be served are not available to the United States Trustee, the United States Trustee will serve this motion and notice of the hearing thereon by first class mail.

19.     The United States Trustee respectfully requests a hearing on this matter on Thursday, July 21, 2011.

20.     In accordance with Federal Rule of Bankruptcy Procedure 9014, the Court may schedule a hearing on this motion on an expedited basis, and the United States Trustee respectfully requests that the Court do so in this instance.

WHEREFORE, the United States Trustee respectfully requests the Court to enter an order directing the appoint of a chapter 11 trustee pursuant to 11 U.S.C. § 1104(a) or, in the alternative, directing the appointment of an examiner pursuant to 11 U.S.C. § 1104(c), and schedule an expedited hearing on this motion, and grant such other relief as is necessary and appropriate.

DONALD F. WALTON
UNITED STATES TRUSTEE, REGION 21
*s/ Martin P. Ochs*
MARTIN P. OCHS
NY Bar No. MO-1203
GA Bar No. 091608
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, Georgia 30303
martin.p.ochs@usdoj.gov